JINA L. CHOI (Admitted to N.Y. Bar)
ERIN E. SCHNEIDER (Admitted to Cal. Bar)
TRACY L. DAVIS (Admitted to Cal. Bar)
  davistl@sec.gov
SUSAN F. LAMARCA (Admitted to Cal. Bar)
  lamarcas@sec.gov
ROBERT J. DURHAM (Admitted to N.Y. Bar)
  durhamr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 28th Floor
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:   (415) 705-2501

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 2:16-MC-00022-MKD |
| Applicant, | SECURITIES AND EXCHANGE COMMISSION'S ADDITIONAL BRIEFING IN SUPPORT OF MOTION FOR ENFORCEMENT OF ADMINISTRATIVE ORDER |
| v. | |
| MICHAEL J. HOOPER, | The Hon. Mary K. Dimke United States Magistrate Judge 25 South 3rd St., Room 102 Yakima, Washington |
| Respondent. | |

During the October 12, 2016 hearing on the Securities and Exchange Commission's Motion for Enforcement of Administrative Order, the Court requested additional briefing on issues raised. The Court asked: (1) whether there were any other proceedings in which the SEC had sought enforcement of an administrative order, where the administrative order was silent as to disgorgement and the SEC was seeking an order that the Respondent disgorge profits or ill-gotten gains associated with the violations of the administrative order; (2) whether the parties wanted to make the Court aware of any other decisions. Respondent mentioned two decisions falling into the second category, which the SEC understood to be *SEC v. Amundsen*, No. 3:83-cv-0711-WHA (N.D. Cal.); and *Loving v. IRS*, 742 F.3d 1013 (D.C. Cir. 2014)). The SEC addresses each issue below.

### 1.  Other Procedurally Similar Matters

During the hearing, SEC counsel identified one procedurally similar case, filed in district court in Utah, in which the SEC sought to enforce an administrative order (that was silent as to disgorgement) and requested a disgorgement order. The SEC's opening brief in this matter cited to the reported decision in *SEC v. Jones*, 155 F. Supp. 3d 1180 (D. Utah 2015), for a different proposition.  *See* ECF 3 at 13 (citing *Jones* regarding issue of preparer's "consent" under Rule 102(f)).

In the reported *Jones* decision, the district court concluded that disgorgement was authorized, appropriate, and not barred by any statute of limitations.  Over arguments to the contrary, the court relied on case law throughout various circuits finding that the statute authorizing the SEC to seek injunctive relief implicitly included the disgorgement remedy. *Id*. at 1183 & nn.13, 14 (*citing SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993), and *quoting SEC v. Texas Gulf Sulphur Co.*, 446 F.2d 1301, 1307-08 (2d Cir. 1971)). The court also rejected the respondent's contention that because the proceeding did not involve an independent violation of the securities law (and because there was no victim or fraud), disgorgement was not appropriate and was instead no different than a civil penalty. *Id*. at 1184. In particular,

the court found that the violation of the consent order was sufficient basis to order disgorgement, relying on three prior decisions so holding (and the absence of any authority to the contrary). *Id*. at 1185 (*citing SEC v. Taber*, 2013 WL 6334375 (S.D.N.Y. Dec. 4, 2013); *SEC v. Martino*, 255 F. Supp. 2d 268 (S.D.N.Y. 2003); *SEC v. Telsey*, 1991 WL 72854 (S.D.N.Y. Mar. 13, 1991)). The court in *Jones* also rejected respondent's argument that disgorgement was in the nature of a "penalty" and thus barred by the statute of limitations found in Section 2462. After considering several disgorgement calculations, the court ordered disgorgement of $600,000 as a fair approximation of the amount the respondent received from his violations, but declined to also impose prejudgment interest. *Id*. at 1188-91 & nn.77, 78.

Of the three decisions cited by *Jones* in which a federal court ordered disgorgement based on the violation of a bar order, *SEC v. Taber* is the most factually and procedurally similar to the present matter. In *Taber*, the respondent was an accountant who had been barred pursuant to Rule 102(e) but who was found to have violated the bar order by "drafting and editing footnotes to financial statements and editing data and other information that was incorporated into SEC filings." *Jones*, 155 F. Supp. 3d at 1185. *See Taber*, 2013 WL 6334375 at *1. Furthermore, like the instant matter and *Jones*, the nature of the amounts sought to be disgorged in *Taber* were the accountant's earnings from his work that constituted appearing or practicing before the Commission.

The order in *Telsey*, also relied upon by *Jones*, represents another example of a court ordering a respondent to disgorge earnings obtained through the violation of a bar order, even where there was no other securities law violation. 1991 WL 72854 at *2. The administrative bar order had prohibited the respondent from associating with a broker-dealer, and the district court found that he had violated it by working for two successive broker-dealers. *Id*. The court thus ordered the respondent to disgorge the amounts made in violation of the order, totaling $338,112, plus an additional $222,694 in interest, for a total disgorgement figure of $560,806. *Id*.

SEC's Add'l Briefing i/s/o Mot. for
Enforcement of Admin. Order - 2

No. 2:16-MC-00022-MKD

**2.  The Amundsen Contempt Action**

Respondent mentioned at the hearing *SEC v. Joseph S. Amundsen*, No. 83-cv-0711 (N.D. Cal. filed Feb. 25, 1983), as a potentially similar matter in which disgorgement was not ordered. There are two recent orders in Amundsen which describe both the unique procedural posture of the case, and which set forth the outcome of the controversy. Amundsen began with the defendant's request to vacate an injunction against him that had been in place since 1983. The injunction, originally entered by the district court pursuant to the defendant's consent, tracked the language of Rule 102(e) (then called Rule 2(e)), and permanently barred the defendant from "appearing or practicing before the Commission in any way." *See Amundsen*, No. 83-cv-0711, Order (Nov. 10, 2010) (ECF No. 14) at 1 (attached). The Court denied the defendant's request, finding that neither the passage of time nor the inconvenience of compliance were sufficient basis to lift an injunction, and that the SEC had made a showing of more recent violations of the court's bar order by the defendant.

In the same action, the SEC also moved for an order of contempt, claiming that the defendant had continued to appear or practice before the Commission as an accountant; as the court found, in 2003 after regaining his CPA license, Amundsen "began a niche practice of auditing financial statements of broker-dealers, which financial statements, together with his audit reports, were then filed with the Commission. He did so more than one thousand times." Order (Jan. 19, 2012) (ECF No. 39) at 1 (attached). Although the defendant explained that he believed the consent order barred him only from auditing public companies, the court stated: "defendant should never have begun the practice in question in the first place and was at least on fair notice that the intended practice was covered by the prohibition in the decree. Any doubt thereon could have been removed by consulting the regulation and/or by petitioning the Court for relief. Instead, in the teeth of the no-practice bar, defendant forged ahead." *Id*. at 2. The court ordered the defendant to notify his clients. *Id*. With regard to disgorgement, the court stated only:  "This order, however, declines to

SEC's Add'l Briefing i/s/o Mot. for
Enforcement of Admin. Order - 3

No. 2:16-MC-00022-MKD

compel defendant to disgorge any fees earned by him since 2003." *Id*. The lack of rationale limits the decision's precedential value on the issue of disgorgement.

### 3.  The Loving Decision Is Not Relevant

During the October 12 hearing, Respondent suggested that the Court should look to the decision in *Loving v. IRS*, 742 F.3d 1013 (D.C. Cir. 2014), for guidance. But that decision is largely irrelevant to this matter. In *Loving*, the D.C. Circuit considered a challenge to a new rule by the IRS promulgated in 2011 which required persons who had never before been subject to oversight by the IRS – persons who help other taxpayers prepare returns – to register with the IRS, pay a fee, attend education, and pass an exam in order to continue in their field.  *Id*. at 1015.  The new regulatory regime was a significant departure from the IRS's policy and practice for about a hundred years. As statutory basis for the regulations, the IRS pointed to the 1884 statute granting it authority to: "regulate the practice of representatives of persons before the Department of the Treasury." *Id*., *citing* 31 U.S.C. § 330(a)(1).

The D.C. Circuit concluded that, though the statute was ambiguous in its use of the phrase "representatives of persons," the agency's interpretation was not entitled to deference under *Chevron U.S.A. Inc. v. NRDC,* 467 U.S. 837 (1984), since the agency's interpretation was not consistent with the statute nor reasonable. *Loving,* 742 F.3d at 1021-22. Among other reasons, the IRS's new interpretation was a reversal of prior practice, which was inconsistent with the statutory history, and with other parts of the statute that suggested that "representatives" meant persons who advised and assisted claimants in the presenting cases before the agency. *Id*. at 1018-21.

Here, in contrast, the underlying statute and the rule are consistent:  Section 4C of the Securities Exchange Act of 1934, entitled "Appearance and Practice Before the Commission," states in relevant part:

> Authority to Censure.  The Commission may censure any person, or deny,
> temporarily or permanently, to any person the privilege of appearing or

SEC's Add'l Briefing i/s/o Mot. for
Enforcement of Admin. Order - 4

No. 2:16-MC-00022-MKD

practicing before the Commission in any way, if that person is found by the

Commission, after notice and opportunity for hearing in the matter—

> . . . (3)  to have willfully violated, or willfully aided and abetted the
>
> violation of, any provision of the securities laws or the rules and
>
> regulations issued thereunder.

15 U.S.C. § 78d-3(a). The provision was enacted as part of the Sarbanes-Oxley Act of

2002, to codify the then-existing Rule 102(e). At the time of enactment, Rules 102(e)

and 102(f) had been consistently applied and interpreted for more than 60 years, since

the agency was itself formed. Importantly, neither Rule 102(e) nor Section 4C of the

Exchange Act establish the type of regulatory regime that was at issue in *Loving*.

Instead, as clearly and consistently announced for decades, under Rule 102(f)

"practicing before the Commission" has included "[t]he preparation of any statement,

opinion or other paper by any attorney, accountant, engineer or other professional or

expert, filed with the Commission in any registration statement, notification,

application, report or other document with the consent of such attorney, accountant,

engineer or other professional or expert." 17 C.F.R. § 201.102(f). In short, the

analysis in *Loving* is simply inapplicable here.

     For the reasons previously described, the Court should grant the SEC's motion

to enforce Respondent's compliance with the 1999 SEC Order and order Respondent

to disgorge the amounts he obtained by violating the 1999 SEC Order, including

$77,660 in fees he made for public-company work, plus $13,694 in prejudgment

interest, for a total of $91,354. As Respondent again affirmed during the hearing, he

does not dispute the factual basis for the SEC's motion and the relief sought. An order

requiring Respondent's compliance, and his disgorgement of ill-gotten gains, is thus

necessary to rectify Respondent's violations and to further deter similar conduct by

him or others. None of the above cases requires a different outcome, and indeed, as

described above, several affirmatively support the SEC's request.

SEC's Add'l Briefing i/s/o Mot. for
Enforcement of Admin. Order - 5

No. 2:16-MC-00022-MKD

Dated:  October 19, 2016                    Respectfully submitted,


                                            /s/ *Susan F. LaMarca*
                                            Susan F. LaMarca
                                            Robert J. Durham
                                            Attorneys for Plaintiff
                                            Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice, including Alan L. McNeil, counsel for Respondent Michael J. Hooper, at *alanmcneil@outlook.com*.

Dated:  October 19, 2016          */s/ Susan F. LaMarca*
                                  Susan F. LaMarca (Admitted to the California Bar)
                                  Attorney for Plaintiff
                                  Securities and Exchange Commission
                                  44 Montgomery Street, Suite 2800
                                  San Francisco, California 94104-4802
                                  Telephone:  (415) 705-2500
                                  Fax:  (415) 705-2501
                                  Email:  lamarcas@sec.gov