Alan L. McNeil, WSBA #7930
Alan McNeil, PLLC
421 W. Riverside Ave., Ste. #660
Spokane, WA 99201
Telephone: (509) 315-8390
Facsimile: (509) 315-4585
Email: *alanmcneil@outlook.com*

Attorney for Respondent

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><div align="right">Applicant,</div><br>vs.<br><br>MICHAEL J. HOOPER,<br><div align="right">Respondent.</div> | Case No: 2:16-MC-00022-MKD<br><br>RESPONDENT'S SUPPLEMENTAL MEMORANDUM |

Respondent Michael J. Hooper ("Respondent"), by and through his attorney of record, hereby submits the following supplemental memorandum pursuant to an Order [19] by the Court at the Show Cause hearing held on October 12, 2016.

### A.    Ninth Circuit Precedent Is Not Consistent With SEC's Request For Disgorgement

An exhaustive search of Ninth Circuit case law yields only one case where proceedings were brought against an accountant for violating a prior consent order that prohibited him from practicing or appearing before the Securities and Exchange Commission ("SEC") as an accountant pursuant to Rule 102(f). This case is *Sec. & Exch. Comm'n v. Amundsen (N.D. Cal., 2012)*

*Alan L. McNeil - Attorney at Law*
*421 W. Riverside Ave., Ste. 660*
*Spokane, WA 99201*
*Tel: 509.315-8390*
*Fax: 509.315-4585*
*Email: alanmcneil@outlook.com*

*[See Ex. 1, attached hereto].* Decided on January 19, 2012, *Amundsen* is a recent case prosecuted by the SEC San Francisco Regional Office.

In 1983 Joseph Amundsen, a certified public accountant, voluntarily entered into a consent decree **"permanently"** barring him from "practicing: before the Commission." Twenty years later, in 2003 Amundsen regained his California State CPA license and proceeded to develop a niche practice of preparing audited financial statements with accompanying signed and certified audit reports for broker-dealers. These audited and certified documents were filed with the SEC. Court records state that during the ensuing nine-year period, Amundsen "prepared, audited, and certified" over 1,000 of these documents that were signed and filed with the SEC.

The court determined that there was no question that Amundsen's 1,000 audit engagements qualified as "appearing or practicing before the SEC as an accountant" all in clear violation of his 1983 permanent bar to do so. He was clearly representing and attesting to the accuracy of his client's financial condition in the audited statements that he prepared and certified under generally accepted auditing standards (GAAS), as well as SEC rules and regulations. His consent for submission was expressly provided in the signed audit reports that were filed with the SEC.

Although the Court was reluctant to "shut down an entire line of business of a licensed CPA but after considerable deliberation over this motion", the Court decided as follows:

> For the foregoing reasons, this order directs defendant Joseph Amundsen to cease preparation of all audit reports destined for filing with the Commission, including audit reports on financial statements for broker-dealers so destined for filing with the Commission. He must immediately notify all clients involved in such pending matters of this order. He must file with the Court a complete list of all audit

*Alan L. McNeil - Attorney at Law*
*421 W. Riverside Ave., Ste. 660*
*Spokane, WA 99201*
*Tel: 509.315-8390*
*Fax: 509.315-4585*
*Email: alanmcneil@outlook.com*

reports for broker-dealers he has signed since 2003, identifying each by date and name of the broker-dealer. This must be filed within 28 calendar days. **This order, however, declines to compel defendant to disgorge any fees earned by him since 2003.** [*Emphasis Added*]

In *Amundsen* the SEC also contended that the defendant's no-practice bar extended to the preparation of unaudited financial statements to be filed by others. The SEC's contention was that Amundsen's no-practice bar extended beyond preparing and certifying audited financial statements and reports filed with the SEC. The Court decided to leave this issue for the future.

The *Amundsen* Court's decision to deny the SEC's request for disgorgement has significant ramifications regarding the Respondent's earlier argument that the SEC's complaint was not filed within the statutory five-year time constraints of §2462. The Respondent has briefed that the post-*Gabelli* Appellate Court decision, *Graham v. SEC*, extends the Supreme Court *Gabelli* decision to all forms of civil penalties, to include disgorgement. To justify the imposition of disposition under all circumstances, the SEC has forwarded a pre-*Gabelli* Ninth Circuit decision involving fraudulent and massive securities violations, *SEC v. Rind, 991 F. 2d 1486 (9th Cir. 1993)*. The Respondent acknowledges a conflict regarding a widening circuit split post-*Gabelli* involving the applicability of §2462 to disgorgement attempts by the SEC. However, an analysis of the Court's decision in *Amundsen* may render the need for that conflict in this case moot.

## B. The Respondent Did Not Appear or Practice Before the SEC

The Respondent has previously briefed that the terms "appear or practice" (in the context of Rule 102(f)) and adheres to a specific legal lexicon that would not extend to ministerial bookkeeping efforts. Although court decisions that involve the IRS typically do not impact the SEC, a 2014

*Alan L. McNeil - Attorney at Law*
*421 W. Riverside Ave., Ste. 660*
*Spokane, WA 99201*
*Tel:  509.315-8390*
*Fax: 509.315-4585*
*Email: alanmcneil@outlook.com*

decision by the U.S. Court of Appeals is germane to this argument. The case, *Loving v. IRS, No. 13-5061 (D.C. Cir., slip op. dated Feb 11, 2014)* questioned whether the IRS can regulate individuals who assist taxpayers in preparing their tax returns, when these preparation efforts do not extend to the representation of these taxpayers in disputes with the IRS. The Court's decision was that although the IRS has the express statutory authority to regulate the practice of representatives of persons before it, tax-return preparers neither "represent" taxpayers nor "practice" before the IRS. The Court further held that,

> IRS Preparers don't **"practice before"** the IRS because that term, as ordinarily understood, means to represent someone during an investigation, adversarial hearing, or other adjudicative proceeding [*Emphasis Added*]

The *Loving* decision casts serious doubts on the SEC's ability to regulate bookkeepers pursuant to Rule 102(f), who merely assist in the preparation of financial records to be filed with the SEC. The SEC will argue that the *Loving* decision is unpersuasive as Congress gave the SEC broader authority to establish its own rules of practice under the Securities and Exchange Act of 1934. It is critical to note that Congress has never explicitly empowered the SEC to regulate who can be involved in the initial preparation of documents that are ultimately filed with the SEC. Consistent with the tax-return preparers in the *Loving* decision, who did not "practice before" the IRS, the Respondent did not "practice before the SEC" when he assisted in the preliminary assemblage of financial records.

The SEC has stated that it is imperative to the integrity of the financial markets that the SEC wields the power to regulate all participants involved in at any level in the preparation of financial documents and statements filed by

*Alan L. McNeil - Attorney at Law*
*421 W. Riverside Ave., Ste. 660*
*Spokane, WA 99201*
*Tel:  509.315-8390*
*Fax: 509.315-4585*
*Email: alanmcneil@outlook.com*

public companies. The sheer magnitude of the number of individuals involved in this process renders this assessment illogical. Additionally, the SEC's assumed regulation of the Respondent is unnecessary. All violations alleged in the Complaint representing the Respondent's work product were reviewed, revised, and expressly consented for filing by professional signatories. The actions and final documents of those professional signatories (auditors, attorneys, and corporate executives) do "practice before the SEC" and are under the direct jurisdiction of all rules and regulations of the SEC.

### C.    Conclusion

In conclusion, the three operative verbs in Rule 102(f) (prepare, consent, and file) are only relevant if they are performed by an independent CPA, who is designated by both the SEC and PCAOB to practice before the SEC. As previously briefed, the SEC did not formally articulate the requisite definition for an accountant until 2002. For these reasons and others, the Respondent continues to maintain that the Consent Agreement signed some 17 years ago was ambiguous. The agreement did not provide the Respondent with the ability to ascertain what subsequent services he was able to provide to public companies. Further, there was no mention of disgorgement as a penalty for non-adherence to the agreement. Evidence of the ambiguity contained in the 1999 Consent Agreement is that the gravamen of this Complaint and the penalty to impose are nebulous and must now be decided by the Court.

DATED this 19th day of October 2016.

s/ Alan L. McNeil
ALAN L. McNEIL, WSBA #7930
Attorney for Respondent

RESPONDENT'S SUPPLEMENTAL
MEMORANDUM
Page 5 of 6

Alan L. McNeil - Attorney at Law
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
Tel:  509.315-8390
Fax: 509.315-4585
Email: alanmcneil@outlook.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of October, 2016, I electronically

filed the foregoing with the Clerk of Court using the CM/ECF system, which

will send notification of such filing to the following:

Susan F. Lamarca                              *lamarcas@sec.gov*
Robert J. Durham                              *durhamr@sec.gov*
*Attorneys for Applicant*


Alan L. McNeil, Esq.                          *alanmcneil@outlook.com*
*Attorney for Respondent*


Michael J. Hooper                             *michaelh@spk-acct.com*
*Respondent*


Jana Dubes                                    *jdubes@cameronsutherland.com*
*Paralegal for Alan L. McNeil*




                                        s/ Jana Dubes
                                        JANA DUBES

RESPONDENT'S SUPPLEMENTAL
MEMORANDUM
Page 6 of 6

*Alan L. McNeil - Attorney at Law*
*421 W. Riverside Ave., Ste. 660*
*Spokane, WA 99201*
*Tel:  509.315-8390*
*Fax: 509.315-4585*
*Email: alanmcneil@outlook.com*